1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
MIKAEL H. STAHLE (SBN 182599)
mstahle@maternlawgroup.com1230
Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff CLAUDIA,
ALVARADO, individually and on behalf of
all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA ALVARADO, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; SAM'S WEST, INC., an Arkansas corporation; and DOES 1 through 50, inclusive,<br><br>Defendants | CASE NO. 2:20-cv-01926 AB (KKx)<br><br>**PLAINTIFF CLAUDIA ALVARADO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: September 1, 2023<br>Time: 10:00 a.m.<br>Ctrm: 7B<br>Judge: Hon. André Birotte Jr. |

1

**TABLE OF CONTENTS**

2

I.   INTRODUCTION ........................................................................................1

3

II.  FACTUAL AND PROCEDURAL BACKGROUND.........................................2

4

  A.  MLG's Retention and Initial Work. ...................................................2

5

  B.  MLG's Filing of the PAGA Notice and Complaint and Removal of Action
     to This Court.......................................................................................2

6

7

  C.  Defendants Vigorously Litigated Pleading Issues, Resulting in the
     Survival of Plaintiff's Reimbursement and PAGA Claims. ......................3

8

  D.  Plaintiff Engaged in Written Discovery and Took Depositions. ...............5

9

  E.  Plaintiff Moved for Class Certification.................................................5

10

  F.  For Months, the Parties Engaged in Settlement Discussions, to No
     Avail. ................................................................................................6

11

III. LEGAL ARGUMENT....................................................................................7

12

13

  A.  Plaintiff Is the Prevailing Party Entitled to an Award of Reasonable
     Attorney's Fees and Costs.................................................................7

14

  B.  Fees Are Recoverable for Support Staff Work. ....................................9

15

  C.  MLG's Lodestar Is Reasonable and Warranted....................................9

16

    1. The Hours Expended by MLG Were Reasonable....................................9

17

    2. MLG's Hourly Rates Are Reasonable. ................................................11

18

      a. Prior Court Orders Support the Requested Hourly Rates. ..............13

19

      b. MLG's Attorneys Support the Reasonableness of MLG's Rates.....14

20

      c. The Hourly Rates of Defense Attorneys Support the Reasonableness
         of MLG's Rates. ...........................................................................14

21

22

    3. The Amount of the Fee Award Is Not Tethered to the Amount of the
       Recovery.......................................................................................14

23

24

    4. Apportionment Is Not Appropriate Because (i) Plaintiff Did Not "Lose"
       Her Class "Claims"; but (ii) Even If She Did, Apportionment Should
       Be Denied Because All of Her Claims Are Related. ...........................16

25

26

27

    5. If the Court Finds that the Class Certification Motion *Was* an
       Adjudication of "Claims," But Finds that Those Claims Were *Related*
       to Plaintiff's Individual Claims, Plaintiff's Success on Her Individual
       Claims Justifies MLG's Hours..........................................................22

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

i

D.   MLG Should Be Awarded $44,879.34 In Costs. ......................................24

IV.   CONCLUSION ................................................................................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

ii

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

# TABLE OF AUTHORITIES

**Federal Cases** Page(s)

*Ackerman v. Western Elec. Co., Inc.,*
860 F.2d 1514 (9th Cir. 1988)……………………………………..………11

*Agster v. Maricopa Cnty.,*
486 F. Supp. 2d 1005 (D. Ariz. 2007)……………………………………….25

*Aguilar v. Zep Inc.,* No. 13-CV-00563-WHO, 2014 WL 4063144,
(N.D. Cal. Aug. 15, 2014)……………………………………………………...23

*Andrews v. Equinox Holdings, Inc.,*
570 F. Supp. 3d 803 (N.D. Cal. 2021)……………………………………16

*Beaty v. BET Holdings, Inc.,*
222 F.3d 607 (9th Cir. 2000)……………………………………………14-15

*Blum v. Stenson,*
465 U.S. 886 (1984)…………………………………………………………...12

*Burt v. Hennessey,*
929 F.2d 457 (9th Cir. 1991)……………………………………………………9

*Crommie v. State of Cal. Public Utilities Com'n.,*
840 F. Supp. 719 (N.D. Cal. 1994)……………………………………………11

*Davis v. City & Cnty. of San Francisco,*
976 F.2d 1536 (9th Cir. 1992)…………………………………………………..24

*Democratic Party of Washington v. Reed,*
388 F.3d 1281 (9th Cir. 2004)…………………………………………………...11

*Employers Ins. of Wausau v. Granite State Ins. Co.,*
330 F.3d 1214 (9th Cir. 2003)…………………………………………………...17

*Gonzalez v. Southern Wine & Spirits of America Inc.,*
No. 2:11-CV-05849-ODW, 2014 WL 1630674
(C.D. Cal., Apr. 24, 2014)…………………………………………………...7-8

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

*Grove v. Wells Fargo Fin. California, Inc.,*
    606 F.3d 577 (9th Cir. 2010)……………………………………………24

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983)…………………………………………....8, 17, 21, 22

*In re Linkedin User Priv. Litig.,*
    309 F.R.D. 573 (N.D. Cal. 2015)…………………………………………14

*In re Tea Station Investment, Inc.,*
    No. 2:20-BK-14175-NB, 2022 WL 13907834 (B.A.P. 9th Cir., Oct. 18,
    2022)…………………………………………………………………20-21, 22, 23

*Mangold v. Cal. Pub. Utils. Comm'n,*
    67 F.3d 1470 (9th Cir.1995)…………………………………………..…8

*Missouri v. Jenkins,*
    491 U.S. 274 (1989)…………………………………………………..9, 12

*Moreno v. City of Sacramento,*
    534 F.3d 1106 (9th Cir. 2008)…………………………………………..1, 11

*Perdue v. Kenny A. ex rel. Winn,*
    559 U.S. 542 (2010)…………………………………………………………12

*Perfect 10, Inc. v. Giganews, Inc.,* No. CV 11-07098-AB SHX,
    2015 WL 1746484 (C.D. Cal. Mar. 24, 2015)………………………13, 14

*Prison Legal News v. Schwarzenegger,*
    608 F.3d 446 (9th Cir. 2010)……………………………………………12

*Quesada v. Thomason,*
    850 F.2d 537 (9th Cir.1988)…………………………………………..16

*Riverside v. Rivera,*
    477 U.S. 561 (1986)…………………………………………………..16

*Roberti v. OSI Sys., Inc.,* No. CV1309174MWFMRW,
    2015 WL 8329916 (C.D. Cal. Dec. 8, 2015)……………………………13

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

iv

PLAINTIFF'S MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

*Rodriguez v. Cnty. of Los Angeles*,
    96 F. Supp. 3d 1012 (C.D. Cal. 2014)…………….…………………13

*SAS v. Sawabeh Information Services Co.*, No. CV1104147MMMMANX,
    2015 WL 12763541 (C.D. Cal., June 22, 2015)…..…………………14

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990)……………………………………….…..12

*Washington v. Reed*,
    388 F.3d 1281 (9th Cir. 2004)…………………………………….........11

*Wilcox v. City of Reno*,
    42 F.3d 550 (9th Cir.1994)……………………………………………..16

**State Cases**

*Akins v. Enterprise Rent–A–Car Co.*,
    79 Cal.App.4th 1127 (2000)……………………………………………21

*Atempa v. Pedrazzani*,
    27 Cal.App.5th 809 (2018) …………………………………………...8

*Britto v. Zep Inc.*,
    No. A141870, 2015 WL 5657147 (Cal. Ct. App., Sept. 25, 2015)..18, 19, 21

*Children's Hosp. & Med. Ctr. v. Bonta*,
    97 Cal.App.4th 740 (2002)…………………………………………..12

*County of Los Angeles v. Superior Court*,
    21 Cal.4th 292 (1999)………………………………………….………16

*DeSaulles v. Cmty. Hosp. of Monterey Peninsula*,
    62 Cal.4th 1140 (2016)…………………………………….…………8

*Donahue v. Donahue*,
    182 Cal.App.4th 259 (2010)…………..………………………………..11

*Douglas v. Los Angeles Herald-Examiner*,
    50 Cal.App.3d 449 (1975)………………………………………………8

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

v

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

*Eicher v. Advanced Business Integrators, Inc.,*
    151 Cal.App.4th 1363 (2007)……………………………………………………8

*Engle v. Copenbarger & Copenbarger,*
    157 Cal.App.4th 165 (2007)……………………………………………………8

*Environmental Protection Information Center v. California Dept. of*
    *Forestry and Fire Protection,* 190 Cal.App.4th 217 (2010)…………17, 22

*Glaviano v. Sacramento City Unified School Dist.,*
    22 Cal.App.5th 744 (2018)……….……………………………………………11

*Graham v. DaimlerChrysler Corp.,*
    34 Cal.4th 553 (2004)……………………………………………………………12

*Greene v. Dillingham Construction N.A., Inc.,*
    101 Cal.App.4th 418 (2002)……………………………………………...21

*Guinn v. Dotson,*
    23 Cal.App.4th 262 (1994)……………………………………………...9

*Gunther v. Alaska Airlines, Inc.,*
    72 Cal.App.5th 334 (2021)……………………………………………17, 21

*Harman v. City & Cnty. of San Francisco,*
    158 Cal.App.4th 415 (2007)………………………………………*passim*

*Heyen v. Safeway Inc.,*
    No. B243610, 2014 WL 2154676 (Cal. Ct. App. May 23, 2014)………..15

*Horsford v. Board of Trustees of California State University,*
    132 Cal.App.4th 359 (2005)……………………………………………...11

*Huff v. Securitas Sec. Servs. USA, Inc.,*
    23 Cal.App.5th 745 (2018)……………………………………………24

*Ketchum v. Moses,*
    24 Cal.4th 1122 (2002)……………………………………...9-10, 11

*Mann v. Quality Old Time Service, Inc.,*
    139 Cal.App.4th 328 (2006)……………………………..………22

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

vi

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

*Margolin v. Reg'l Planning Com.,*
    134 Cal.App.3d 999 (1982…………………………………….……13

*Mountjoy v. Bank of America, N.A.,*
    245 Cal.App.4th 266 (2016)……………………………………..11

*Nightingale v. Hyundai Motor America,*
    31 Cal.App.4th 99 (1994)………………………………………...16

*PLCM Group v. Drexler,*
    22 Cal.4th 1084 (2000)………………………………………9, 11

*Robles v. Emp. Dev. Dep't,*
    38 Cal.App.5th 191 (2019)……………………………………12

*Salton Bay Marina, Inc. v. Imperial Irrigation Dist.,*
    172 Cal.App.3d 914 (1985……………………….……………...9

*Sav-on Drug Stores, Inc. v. Superior Court,*
    34 Cal.4th 319 (2004)…………………………………17, 23

*Serrano v. Priest,*
    20 Cal.3d 25 (1977)…………………………………………9-10

*Serrano v. Unruh,*
    32 Cal.3d 621 (1982)……………………………….……………..10
.
*Stokus v. Marsh,*
    217 Cal.App.3d 647 (1990)………………………….……10, 16

*Sundance v. Municipal Court,*
    192 Cal.App.3d 268 (1987)…………………….…………...24

*Taylor v. Nabors Drilling USA, LP,*
    222 Cal.App.4th 1228 (2014)………………………………16, 21

*Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.,*
    731 F. Supp. 2d 937 (N.D. Cal. 2010)……………………………9

*Thayer v. Wells Fargo Bank, N.A.,*
    92 Cal. App. 4th 819 (2001)…………………………………..23-24

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

vii

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

*Vo v. Las Virgenes Mun. Water Dist.*,
    79 Cal.App.4th 440 (2000)…….…………………………………………..14

*Warren v. Kia Motors America, Inc.*,
    30 Cal.App.5th 24 (2018)……..…………………………………...15-16

**Federal Statutes**

42 U.S.C. § 1983………………………………………………………………16

**State Statutes**

Cal. Code Civ. Proc. § 998…………………………………………….1, 6, 8, 18

Cal. Code Civ. Proc. § 1032(a)(4)…………………………………………….8

Cal. Lab. Code § 204…………………………………………………………21

Cal. Lab. Code § 226…………………………………………………………..22

Cal. Lab. Code § 432……………………………………………………….2

Cal. Lab. Code § 1174…………………………………………………..21

Cal. Lab. Code § 1194……………………………………………………8

Cal. Lab. Code § 2699, subd. (g)(1)………………………………………...8

Cal. Lab. Code § 2802……………………………………………………….5

Cal. Lab. Code § 2802(c)……………………………………………………..8

**Rules**

Local Rule 54-3

Fed. R. App. P. 32.1………………………………………………………20

Fed. R. Civ. P. 54(d)(2)………………………………………………………2

Fed. R. Civ. P. 54(d)(2)(A)………………………………………………..24

Fed. R. Civ. P. 26 (a)……………………………………………………5

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFF'S MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

After nearly four years since retaining her counsel, Plaintiff Claudia Alvarado ("Plaintiff") prevailed in this action by accepting Defendants' statutory settlement offer under California Code of Civil Procedure section 998.  Pursuant to the offer, Defendants have agreed to pay Plaintiff $22,000.00 – more than the full value of her individual California Labor Code and PAGA[1] claims – plus reasonable attorney's fees and costs.  Dkt. No. 146.  The Court entered judgment on April 7, 2023, retaining ancillary jurisdiction to determine the amount of reasonable attorney's fees and costs to Plaintiff's counsel, Matern Law Group, PC ("MLG").  Dkt. No. 149.  California law controls the determination of the amount of fees.

MLG's lodestar amount is reasonable in terms of both hours spent and hourly rates requested.  Typically, in contingency cases such as this one, a court should defer to the prevailing attorney's professional judgment as to how much time he or she was required to spend on a case.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  The hours MLG expended in prosecuting Plaintiff's individual Labor Code claims were reasonable and necessary to achieve the result obtained.  Although Plaintiff did not obtain class certification, there was no ruling on the merits of the claims underlying Plaintiff's class allegations, so there should be no apportionment of MLG's fees between the work performed on the class allegations and the work performed on Plaintiff's individual and PAGA claims.

Even if the Court considers the denial of Plaintiff's motion for class certification an unsuccessful "claim," as opposed to an unsuccessful "motion," there still should be no reduction of MLG's time.  The class certification motion was based on the same core set of facts and legal theory alleged under Plaintiff's

---

[1] PAGA refers to the California Labor Code Private Attorneys General Act of 2004. All references to the California Labor Code will be to the "Labor Code."

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

1    individual and PAGA claims.  Ordering a reduced attorney fee award would not

2    only penalize MLG for its efforts in seeking to vindicate Plaintiff's rights but

3    undermine California's strong public policy favoring the bringing of wage and hour

4    claims to enforce California labor laws and protect employees.

5         For these reasons, and as explained in more detail below, Plaintiff's motion

6    should be granted in full, pursuant to Fed. R. Civ. P. 54(d)(2).

7    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

8         Plaintiff has worked for Defendants as a non-exempt hourly employee since

9    December 2007.  Dkt. No. 42.

10        **A.    MLG's Retention and Initial Work.**

11        Plaintiff retained MLG on July 15, 2019 based on a contingency fee

12   agreement.  Stahle Dec. ¶18.  Upon being retained, MLG promptly began working

13   on Plaintiff's case.  *Ibid.*  MLG researched Plaintiff's potential claims and

14   Defendants' potential defenses and obtained relevant documents from Plaintiff.

15   *Ibid.* MLG made a written request for Plaintiff's personnel and payroll records from

16   Defendant Wal-Mart Associates, Inc. pursuant to Labor Code section 432 and sent

17   Defendant Wal-Mart Associates, Inc. a preservation of evidence letter.  *Ibid.*

18        **B.    MLG's Filing of the PAGA Notice and Complaint and Removal of**

19             **Action to This Court.**

20        On August 28, 2019, MLG submitted to the California Labor & Workforce

21   Development Agency ("LWDA") a notice of intent to bring an action pursuant to

22   the Labor Code Private Attorneys General Act of 2004 ("PAGA") against

23   defendant Wal-Mart Associates, Inc. for alleged Labor Code violations.  *Ibid.*

24        On January 22, 2020, MLG filed a putative class and representative action

25   complaint against Defendants Wal-Mart Associates, Inc. and Sam's West, Inc. in

26   the Los Angeles County Superior Court.  *Id.* at ¶19.  The complaint alleged ten

27   causes of action for wage and hour violations, including for: failure to provide

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

1   required meal and rest periods, failure to pay overtime and minimum wages and all

2   wages due upon separation, failure to maintain required records, failure to furnish

3   accurate itemized wage statements, failure to indemnify employees for necessary

4   business expenditures, for unfair and unlawful business practices, and for civil

5   penalties under PAGA. *Ibid.*

6       On February 27, 2020, Defendant removed Plaintiff's case to the United

7   States District Court for the Central District of California, Western Division.  Dkt.

8   No. 14.  The case was assigned to Judge Dale S. Fischer.  Dkt. No. 9.

9       **C.    Defendants Vigorously Litigated Pleading Issues, Resulting in the**

10          **Survival of Plaintiff's Reimbursement and PAGA Claims.**

11      After removing the case, Defendants filed a serious of motions to dismiss,

12  challenging Plaintiff's complaints.  On April 2, 2020, Defendants filed a motion to

13  dismiss all of Plaintiff's causes of action based on pleading issues. Dkt. No. 15.  In

14  response, Plaintiff filed a first amended complaint in an attempt to cure any

15  deficiencies in the original complaint. Dkt. No. 16.  Thereafter, on May 4, 2020,

16  Defendants filed a partial motion to dismiss or strike the first amended complaint,

17  addressing seven of the ten claims, again based on pleading issues.  Dkt. No. 18.

18      The parties then stipulated to Plaintiff filing a second amended complaint,

19  which the Court approved.  Dkt. Nos. 20 and 21.  The second amended complaint

20  was filed on May 22, 2020.  Dkt. No. 22.  Before Defendants' response to the

21  second amended complaint was due, the parties met and conferred regarding the

22  pleading and Defendants' intent to file a partial motion to dismiss it.  Dkt. No. 24.

23  The parties stipulated that Plaintiff would file a third amended complaint, which the

24  Court approved and which was filed on June 17, 2020.  Dkt. Nos. 26-28.

25      On July 1, 2020, Defendants filed a partial motion to dismiss and/or strike

26  Plaintiff's third amended complaint.  Dkt. No. 33.  Plaintiff filed an opposition and

27  Defendants filed a reply brief.  Dkt. Nos. 35-36.  On August 7, 2020, the Court

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

3

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

granted Defendants' partial motion to dismiss.  Dkt. No. 38.  The Court dismissed, with leave to amend, Plaintiff's class claims asserted the first through third causes of action and the fifth cause of action as it relates to phone calls and text messages. The Court also dismissed with leave to amend Plaintiff's sixth cause of action.  *Id.*

On August 17, 2020, the case was transferred to Judge Andre Birotte Jr. Dkt. No. 39.  On August 31, 2020, Plaintiff filed a fourth amended complaint alleging six causes of action for failure to provide meal periods, failure to authorize and permit rest breaks, failure to pay overtime wages, failure to furnish accurate itemized wage statements, failure to indemnify employees for necessary business expenditures, for unfair and unlawful business practices and for civil penalties under PAGA.  Dkt. No. 42.

On September 3, 2020, the Court issued a scheduling order and set trial for June 7, 2022, and a final pretrial conference for May 20, 2022.  Dkt. No. 45.

On September 14, 2020, Defendants filed a partial motion to dismiss and/or strike Plaintiff's fourth amended complaint, challenging four causes of action on pleading issues.  Dkt. No. 46.  Plaintiff filed opposition papers and Defendants filed a reply brief.  Dkt. Nos. 47-48.  On October 20, 2020, the Court granted Defendants' partial motion to dismiss and dismissed with prejudice Plaintiff's meal period, rest break and overtime class allegations, as well as her cause of action for unlawful and unfair business practices.  Dkt. No. 49.  The remaining claims were the reimbursement claim, the PAGA claim and the wage statement claim.[2]  Dkt. No. 42.   On November 9, 2020, Defendants filed an answer to the fourth amended complaint.  Dkt. No. 52.

///

///

---

[2] Plaintiff did not pursue the wage statement claim after the Ninth Circuit's ruling in *Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668 (9th Cir. 2021).

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

4

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

### D.    Plaintiff Engaged in Written Discovery and Took Depositions.

Pursuant to Rule 26(a), Plaintiff served initial and supplemental disclosures on Defendants and reviewed Defendants' initial disclosures.  Stahle Decl. ¶29.  The parties engaged in pre-certification discovery.  *Ibid.*  Plaintiff served two sets of document requests and two sets of special interrogatories on Defendants and responded to Defendants' document requests and special interrogatories.  *Ibid.* Plaintiff met and conferred with Defendants' counsel regarding the discovery and the scheduling of depositions pursuant to Rule 30(b)(6).  *Ibid.* Ten depositions were taken, including Plaintiff's deposition, other lay witnesses, Alejandro Gonzalez, Alex Montanez, Evalyna Montoya, and Deborah Helmer, Defendants' person most knowledgeable, Plaintiff's two expert witnesses, survey expert and data analyst, Laura Steiner and Dominic Persechini, a damages expert on Plaintiff's reimbursement claim for cell phone use, and Defendants' survey expert, Robert Crandall.  *Ibid.*

### E.    Plaintiff Moved for Class Certification.

On June 7, 2021, Plaintiff filed a motion to certify the following class: All non-exempt employees of Defendants' Sam's Club stores in California during the period of January 22, 2017 through the date of the order granting class certification ("Class Period").  Dkt. Nos. 57-58.  The motion was based solely on the Labor Code section 2802 reimbursement claim and was supported by, inter alia, numerous exhibits, over 50 lay witness declarations from putative class members, and expert declarations from Ms. Steiner, Mr. Persechini and Nora Ostrofe, a forensic economist retained to analyze damages.  Dkt. Nos. 57, 59-61, 64.  Defendants filed opposition papers, supported by, inter alia, numerous exhibits and over 60 lay witness declarations.  Dkt. Nos. 72-125, 127. Defendants filed evidentiary objections to which Plaintiff responded and Plaintiff filed reply papers with numerous supporting exhibits.  Dkt. 129.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

5

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

On October 22, 2021, a hearing was held on Plaintiff's motion for class certification which MLG's counsel attended.  Stahle Decl. ¶31.  The Court denied the motion on November 3, 2021.  Dkt. 131.

**F.      For Months, the Parties Engaged in Settlement Discussions, to No Avail.**

Thereafter, the parties engaged in settlement discussions for several months, to no avail.  Stahle Decl. ¶32; Dkt. No. 140.  The parties then stipulated to attend a Mandatory Settlement Conference which the Court approved and referred the case to Magistrate Judge Kenly Kiya Kato for settlement proceedings.  Dkt. Nos. 140-142.  The Court required Plaintiff to make a written settlement demand to Defendants, required that Defendants respond in writing to Plaintiff's settlement demand with a counter-offer and required the parties to provide copies of their demand and counter-offer to the Magistrate Judge.  Dkt. No. 144.

Plaintiff complied with these requirements and prepared and submitted a detailed Settlement Conference Statement to the Magistrate Judge.  Stahle Decl. ¶32.  The Mandatory Settlement Conference was held on December 16, 2022.   Dkt. 145.  The case did not settle.  *Id.*

In the interim, on May 9, 2022, the Court reset the trial for October 18, 2022.  Dkt. No. 133.

On February 3, 2023, Defendants served a statutory offer to compromise on Plaintiff pursuant to California Code of Civil Procedure section 998 which provided as follows:

a.      Defendants will pay Plaintiff the amount of $22,000.00 for her individual claims, exclusive of attorneys' fees and costs incurred up the date of the offer in pursuit of Plaintiff's individual claims in this action and recoverable by law.

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

6

PLAINTIFF'S  MEMO OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES AND COSTS

b.    The amount of fees to be awarded to Plaintiff's counsel, if unable to be agreed upon by the parties, will be determined by the Court consistent with the terms of this offer and upon application submitted by Plaintiff's counsel and supported by admissible evidence.

c.    Defendants' counsel reserves the right to challenge or otherwise oppose any motion or application for fees brought by Plaintiff's counsel, including without limitation, the right to oppose any request for fees and costs not incurred in the prosecution of Plaintiff's remaining individual claims.

d.    In exchange for the offer, Plaintiff releases all of her individual claims and will file a dismissal of those claims with prejudice. Also in exchange for the offer, Plaintiff releases her PAGA claim and will file a dismissal of that claim without prejudice.

Dkt. No. 146.   On February 7, 2023, Plaintiff accepted the offer. *Id.* Plaintiff claims a total amount of $21,280 for damages, penalties and interest arising from her individual Labor Code and PAGA claims.  Stahle Decl. ¶36.

## III.   LEGAL ARGUMENT

### A.   Plaintiff Is the Prevailing Party Entitled to an Award of Reasonable Attorney's Fees and Costs.

Defendants removed this case from state to federal court pursuant to diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453, 1711. Dkt. No. 14.  Thus, as the Ninth Circuit has held, California substantive law applies to the determination of the attorneys' fee award where the federal court exercises diversity jurisdiction under CAFA over the action. *Gonzalez v. Southern Wine & Spirits of America Inc.,* No. 2:11-CV-05849-ODW, 2014 WL 1630674 (C.D. Cal., ///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

7

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

Apr. 24, 2014) at *2, citing *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1478 (9th Cir.1995).

California Code of Civil Procedure section 1032, subd. (a)(4) defines "prevailing party" as including a party "with a net monetary recovery." A plaintiff that enters into a stipulated judgment in exchange for the payment of money has obtained a "net monetary recovery" and is the prevailing party. *DeSaulles v. Cmty. Hosp. of Monterey Peninsula*, 62 Cal.4th 1140, 1158 (2016). "[A] party who secures a recovery by accepting a section 998 offer is entitled to costs and fees unless excluded by the offer." *Engle v. Copenbarger & Copenbarger,* 157 Cal.App.4th 165, 169 (2007). Attorney fees are recoverable by a prevailing employee in a reimbursement claim under Labor Code section 2802(c), in an unpaid overtime wage claim under Labor Code section 1194 and under PAGA. *Douglas v. Los Angeles Herald-Examiner,* 50 Cal.App.3d 449, 454 (1975); *Eicher v. Advanced Business Integrators, Inc.,* 151 Cal.App.4th 1363, 1378 (2007); *Atempa v. Pedrazzani,* 27 Cal.App.5th 809, 829 (2018), citing Cal. Lab. Code § 2699, subd. (g)(1).

See also, *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) (" 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves *some of the benefit* the parties sought in bringing suit.' " [italics added]).

Plaintiff accepted Defendants' Offer of Judgment and, on April 7, 2023, the Court entered judgment in favor of Plaintiff and against Defendants in the amount of $22,000.00, plus reasonable attorneys' fees and costs to be determined by the Court. Dkt. No. 149. By the terms of the section 998 offer and under substantive California law, Plaintiff is the prevailing party.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

8

PLAINTIFF'S MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

### B.     Fees Are Recoverable for Support Staff Work.

When a prevailing party is entitled to attorney's fees, it can also recover reasonable fees for support staff services as part of that award. *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal.App.3d 914, 951 (1985) ("necessary support services for attorneys, e.g. secretarial and paralegal services, are includable within an award of attorney fees"); *Guinn v. Dotson*, 23 Cal.App.4th 262, 268-270 (1994) ("[a]n award of attorney's fees which does not compensate for paralegal service time would not fully compensate the attorney"); *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d 937, 950-951 (N.D. Cal. 2010) (awarding fees for legal assistant services under California law; *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (fee award must account for work of non-attorneys "whose labor contributes to the work product for which an attorney bills her client"); *Burt v. Hennessey*, 929 F.2d 457, 459 (9th Cir. 1991) (cost of secretarial assistance is recoverable in a motion for attorney's fees because the service is billable to clients).

### C.     MLG's Lodestar Is Reasonable and Warranted.

Under California law, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney … involved in the presentation of the case.'" *Ketchum v. Moses,* 24 Cal.4th 1122, 1131-1132 (2002), quoting *Serrano v. Priest* ("*Serrano III*"), 20 Cal.3d 25, 48 (1977); *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000) (determining what constitutes reasonable attorney's fees "ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate").

### 1.     The Hours Expended by MLG Were Reasonable.

The first step in calculating the lodestar is to determine the number of hours reasonably expended in the litigation. *Serrano III, supra,* 20 Cal.3d at p. 48.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

9

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

"[A]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*." *Ketchum*, *supra*, 24 Cal. 4th at p. 1133 (emphasis in original).

Here, MLG's total lodestar is **$591,044.25** which is based upon **593.2** attorney hours and **41.3** support staff hours at their current hourly rates. Stahle Decl. ¶14. To determine the reasonable number of hours billed in this action, MLG counsel carefully reviewed all of the electronic time records entered by MLG attorneys and support staff. *Id.* at ¶13 and Exs. I and J. MLG exercised appropriate billing judgment to eliminate or reduce any time entries that may have been irrelevant, unduly duplicative or inefficient in nature. Stahle Decl. ¶13.

The time MLG spent on this case was both necessary and reasonable. Senior Associate, Mikael H. Stahle, was the lead attorney on the case, overseeing the work of junior associates. *Id.* at ¶16. Throughout the case, Matthew J. Matern provided high-level guidance and was involved in the overall litigation strategy. *Ibid.*

Given that Plaintiff retained MLG in July 2019 and the case settled nearly four years later with extensive discovery, law and motion work, and pretrial work, MLG's **593.2** attorney hours and **41.3** support staff hours spent litigating the case are reasonable. *Stokus v. Marsh*, 217 Cal.App.3d 647, 653-654 (1990) ("Parties who litigate with no holds barred in cases such as this, in which the prevailing party is entitled to a fee award, assume the risk they will have to reimburse the excessive expenses they force upon their adversaries."); *Serrano v. Unruh* ("*Serrano IV*"), 32 Cal.3d 621, 638 (1982) ("A party cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."). The Ninth Circuit has made it clear that, in contingency fee cases such as this one, courts should ordinarily defer to the judgment of the prevailing attorney as to the reasonableness of, and necessity for, the work performed:

> It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

10

PLAINTIFF'S MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Moreno, supra,* 534 F.3d at p. 1112.

If Defendants assert that MLG's time spent on this matter is excessive, their counsel should produce their own billing records so the Court can compare the work performed by both firms.  *Donahue v. Donahue*, 182 Cal.App.4th 259, 272 (2010) ("A comparative analysis of each side's respective litigation costs may be a useful check on the reasonableness of any fee request."); *Mountjoy v. Bank of America, N.A*., 245 Cal.App.4th 266, 273 (2016) (same); *Democratic Party of Washington v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004) (prevailing parties' hours were not excessive because the number of hours claimed was of the same "magnitude" as their opponent's hours).

## 2.    MLG's Hourly Rates Are Reasonable.

The second step in calculating the lodestar is setting a reasonable hourly rate. *Crommie v. State of Cal. Public Utilities Com'n.,*840 F. Supp. 719, 724 (N.D. Cal. 1994).   Under California law, "[t]he reasonable hourly rate is that prevailing for private attorneys in the community conducting non-contingent litigation of the same type." *Glaviano v. Sacramento City Unified School Dist*., 22 Cal.App.5th 744, 751 (2018); *Ketchum*, *supra,* 24 Cal.4th at 1133; *PLCM Group, supra*, 22 Cal.4th at p. 1095; *Ackerman v. Western Elec. Co., Inc*., 860 F.2d 1514, 1520 (9th Cir. 1988) (court is entitled to consider "fees customarily charged by that attorney and others in the community for similar work").   "[T]he policies of the FEHA attorney fees provision require that the court consider awarding market value compensation for an attorney" in order to incentivize plaintiffs' attorneys to take such cases on a contingency basis. *Horsford v. Board of Trustees of California State University,* 132 Cal.App.4th 359, 399 (2005).

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

11

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

A court analyzing the prevailing market rate is not limited to the specific practice area at issue in the litigation. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010)), *aff'd*, 847 F.3d 657, 674–76 (9th Cir. 2017). Instead, courts consider the reasonableness of the rate requested based upon "the rates prevailing in that district for 'similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.,* quoting *Blum v. Stenson*, 465 U.S. 886, 895, n. 11 (1984). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

For cases like this one which stretch over multiple years of time, the rates to be applied are appropriately based on the current market rates at the time of the fee motion—not historical rates—to account for the delay in payment. *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 583-584 (2004); *Robles v. Emp. Dev. Dep't,* 38 Cal.App.5th 191, 205 (2019); *Missouri, supra* 491 U.S. at pp. 284-285; *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 556 (2010).

The hourly rates sought by MLG are "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work" in the relevant community. *Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal.App.4th 740, 783 (2002).  The following chart summarizes MLG's lodestar calculation:

| Biller | Year Admitted | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Matthew J. Matern | 1992 | 19.9 | $1,075.00 | $21,392.50 |
| Mikael H. Stahle | 1996 | 522.6 | $995.00 | $519,987.00 |
| Debra J. Tauger | 1989 | 10.8 | $995.00 | $10,746.00 |
| Dalia Khalili | 2007 | 3.8 | $925.00 | $3,515.00 |
| Irina A. Kirnosova | 2016 | 4.5 | $675.00 | $3,037.50 |
| Beatriz Alfaro | 2016 | 12.8 | $675.00 | $8,640.00 |
| Shooka Dadashzadeh | 2017 | 12.1 | $675.00 | $8,167.50 |

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

12

PLAINTIFF'S  MEMO OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES AND COSTS

| | | | | |
|---|---|---|---|---|
| Ellie D. Goralnick | 2019 | 6.7 | $625.00 | $4,187.50 |
| **Total Attorney Lodestar** | | **593.2** | | **$579,673.00** |
| Support Staff Lodestar | N/A | **41.3** | $275.00 | **$11,371.25** |
| **Total Lodestar** | | **634.5** | | **$591,044.25** |

See Stahle Decl., Exs. I and J.

MLG's hourly rates are supported by: (1) court orders awarding similar rates in other cases; (2) MLG's attorneys' declarations; and (3) the non-contingent hourly rates of employment defense counsel with similar experience in Los Angeles. Matern Decl. ¶¶12-20 and Exs. A-N; Stahle Decl. ¶11 and Exs. A-F.

### a. Prior Court Orders Support the Requested Hourly Rates.

"The most analogous evidence to fees charged by a private law firm would be fees sought and deemed reasonable by courts in other cases." *Margolin v. Reg'l Planning Com.*, 134 Cal.App.3d 999, 1005 (1982). For example, Mr. Matern's previous rate of $975 has been approved by courts several times. Matern Decl. ¶¶12-14; Exs. A-F. Likewise, Mikael H. Stahle's prior rates of $975 (2022), $825 (2019), and $775 (2018) have been found by state and federal courts to fall within the scope of "prevailing market rates" in the community. Stahle Decl. ¶11; Exs. A-H.

MLG's hourly rates are also in line with the rates approved in other cases in this district. See, e.g., *Roberti v. OSI Sys., Inc.,* No. CV1309174MWFMRW, 2015 WL 8329916, at *7 (C.D. Cal. Dec. 8, 2015) (finding rates between $525 and $975 per hour reasonable); *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1023 (C.D. Cal. 2014), *aff'd*, 891 F.3d 776 (9th Cir. 2018) (approving attorney rates in 2014 from $500 to $975); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *15-18 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (finding hourly rates of $825-$930 for a senior partner and $350-$690 for associates—for work performed in 2011 and 2014—to be reasonable and

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

13

PLAINTIFF'S MEMO OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES AND COSTS

prevailing market rates in the Central District at that time).  MLG's support staff rates are reasonable and in the range of comparable market rates in the community, as demonstrated by cases approving similar rates. *See, e.g., Perfect 10, Inc., supra,* 2015 WL 1746484, at *21 (approving rates of $290 and $240 for support staff); *SAS v. Sawabeh Information Services Co.*, No. CV1104147MMMMANX, 2015 WL 12763541 (C.D. Cal., June 22, 2015) at *22-23 (approving hourly rate of $150 to $275 for support staff); *In re Linkedin User Priv. Litig.*, 309 F.R.D. 573, 591 (N.D. Cal. 2015) (reasonable rate for litigation support staff from $150 to $240).

### b.  MLG's Attorneys Support the Reasonableness of MLG's Rates.

The declarations of MLG's attorneys who worked on this case establish the reasonableness of their rates.

### c.  The Hourly Rates of Defense Attorneys Support the Reasonableness of MLG's Rates.

The non-contingent billing rates of defense attorneys in the community with similar experience further confirms that MLG's requested rates are in line with prevailing market rates.  Matern Decl. ¶20 and Ex. N (Paul Hastings LLP 2019 rates: partner, $1,200; 2nd-year associate, $735; 1st-year associate, $535).

For the foregoing reasons, the Court should approve MLG's requested rates.

### 3.    The Amount of the Fee Award Is Not Tethered to the Amount of the Recovery.

It is well-established that fee awards should be fully compensatory, *without regard to the size of the recovery*, except in the unusual case where "special circumstances would render an award unjust." *Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal.App.4th 440, 446 (2000).

No special circumstances would render a fully compensatory fee award unjust here, as Plaintiff secured a judgment against Defendants for more than the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

14

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

full value of her individual and PAGA claims. Stahle Decl. ¶36; Dkt. 149. Therefore, the fee award should be based upon the time expended by Plaintiff's counsel in prosecuting her individual and PAGA claims rather than the amount of the recovery. *Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 612 (9th Cir. 2000) ("Fee awards ensure that neither financial imperatives nor market considerations raise an insurmountable barrier that prevents attorneys from litigating meritorious cases, and even a  relatively small damages award 'contributes significantly to the deterrence of civil rights violations in the future.'").

This principle was aptly followed in *Heyen v. Safeway Inc.*, No. B243610, 2014 WL 2154676 (Cal. Ct. App. May 23, 2014).  In *Heyen*, after nearly ten years of wage and hour litigation that plaintiff brought as a class action, the plaintiff only recovered individual damages of $26,000. *Id.* at *1.  She then sought to recover fees of $1,512,794.50 and the trial court granted her fee request in part, awarding her $603,150. *Ibid.*  Both parties appealed the fee award. *Ibid.*

The court of appeal affirmed the award in its entirety, holding that the amount of the fee award was, "within the sound discretion of the trial court, which is the best judge of the value of professional services rendered." *Ibid.*  The court specifically rejected the theory that the $603,150 fee award was impermissible because it was disproportionate to the results plaintiff achieved. As the court explained: "[a]lthough the court may consider the amount at issue in the litigation, as well as counsel's relative success in achieving the client's litigation objectives in adjusting the lodestar figure, the attorney fee award need not bear any specific relationship to the dollar amount of the recovery." *Id.* at *5.

See also, *Warren v. Kia Motors America, Inc.*, 30 Cal.App.5th 24, 37 (2018) ("[I]t is inappropriate and an abuse of a trial court's discretion to tie an attorney fee award to the amount of the prevailing buyer/plaintiff's damages or recovery in a Song-Beverly Act action, or pursuant to another consumer protection statute with a

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

15

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

mandatory fee-shifting provision."; *Taylor v. Nabors Drilling USA, LP*, 222 Cal.App.4th 1228, 1252-1253 (2014) (affirming $680,520 in fees after $150,000 recovery in FEHA case); *Harman v. City & Cnty. of San Francisco*, 158 Cal.App.4th 415, 428 (2007) (affirming fee award of $1.1 million after verdict of $30,300); *Andrews v. Equinox Holdings, Inc.*, 570 F. Supp. 3d 803, 810 (N.D. Cal. 2021) (awarding $1,777,062 in fees in FEHA case after plaintiff accepted Rule 68 offer of $162,000); *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140, 164 (2006) (reversing cap of attorney fee award to a percentage of plaintiff's settlement recovery); *County of Los Angeles v. Superior Court,* 21 Cal.4th 292, 304, fn. 2  (1999) ("a small award of compensatory damages in a federal civil rights lawsuit can justify a substantial amount of attorney fees"); *Wilcox v. City of Reno,* 42 F.3d 550, 551 (9th Cir.1994) (fee award of over $66,500 affirmed where damages awarded were $1.00]; *Nightingale v. Hyundai Motor America,* 31 Cal.App.4th 99, 102, 105 (1994) (judgment for just over $6,000, attorney fees of almost $76,000); *Stokus, supra,* 217 Cal.App.3d at p. 266 (limiting fees by amount of damages permits recalcitrant defendants to deprive prevailing plaintiff of reasonable attorney fees); *Quesada v. Thomason,* 850 F.2d 537, 540  (9th Cir.1988) (reducing fee award below lodestar simply because a damage award is small impermissibly creates an incentive for attorneys to file only those civil rights actions likely to produce large awards); *Riverside v. Rivera,* 477 U.S. 561, 581 (1986) (rejecting argument that plaintiff's fee award in action under 42 U.S.C. § 1983 should be limited to percentage of monetary recovery).

### 4.   Apportionment Is Not Appropriate Because (i) Plaintiff Did Not "Lose" Her Class "Claims"; but (ii) Even If She Did, Apportionment Should Be Denied Because All of Her Claims Are Related.

It is anticipated that Defendants will argue that this is a "limited success"

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

16

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

1   case because Plaintiff allegedly "did not prevail on her class claims."

2   Defendants would be mistaken.

3   In cases where a plaintiff has obtained limited success, California courts

4   follow the two-part test set forth in *Hensley, supra,* 461 U.S. at p. 434. *Gunther v.*

5   *Alaska Airlines, Inc.,* 72 Cal.App.5th 334, 360 (2021).  The court first determines

6   "whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims

7   on which he [or she] succeeded[.]' " *Id.* at p. 360, citing *Environmental Protection*

8   *Information Center v. California Dept. of Forestry and Fire Protection,* 190

9   Cal.App.4th 217, 239 (2010). "Where the plaintiff has failed to prevail on a claim

10  that is distinct in all respects from his successful claims, the hours spent on the

11  unsuccessful claim should be excluded in considering the amount of a reasonable

12  fee." *Hensley*, *supra,* 461 U.S. at p. 440.

13   Apportionment of attorney's fees between distinct causes of action is not

14  required where (1) a plaintiff's "various claims involve a common core of facts or

15  are based on related legal theories," or (2) "when the issues in the fee and nonfee

16  claims are so inextricably intertwined that it would be impractical or impossible to

17  separate the attorney's time into compensable and noncompensable units."

18  *Graciano, supra,* 144 Cal.App.4th at p. 159; *Harman, supra,* 158 Cal.App.4th at p.

19  428.

20   Here, Plaintiff did not lose any claims.  She recovered for her individual

21  Labor Code claims, including her PAGA claims.  Importantly, there was *no ruling*

22  *on the merits* of the claims underlying her class allegations, and those allegations do

23  not even constitute a cause of action, let alone one that is separate and distinct from

24  Plaintiff's individual claims.  *Sav-on Drug Stores, Inc. v. Superior Court,* 34

25  Cal.4th 319, 326 (2004) (A merits-based decision is improper in the certification

26  context.).

27  ///

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

17

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

*Britto v. Zep Inc.,* No. A141870, 2015 WL 5657147 (Cal. Ct. App., Sept. 25, 2015) is instructive.[3]  In that case, two plaintiffs brought a putative class and representative (PAGA) action against their employers for Labor Code violations. *Id.* at *1.  Early in the litigation, over half of the putative class accepted settlement offers.  *Id.* at *2.  Plaintiffs filed and lost their motion for class certification.  *Ibid.* Defendants filed a motion for summary judgment against plaintiff Britto.  *Ibid.*

While the motion was pending, Plaintiffs settled their individual Labor Code claims and PAGA claims pursuant to a statutory settlement offer under California Code of Civil Procedure section 998.  *Id.* at *3.  Pursuant to the settlement offer, the two plaintiffs would receive $26,000 and $22,000, respectively, plus interest, costs and attorney fees to be determined by the court and $275,000 would be paid to the LWDA under the PAGA claim.  *Ibid.*  Notwithstanding the settlement, the court ruled on defendant's motion for summary judgment, granting it in part.  *Ibid.*

Plaintiffs filed a motion for attorneys' fees and requested a lodestar of $1,677,160 plus a 3.0 multiplier.  *Ibid.*  The trial court awarded plaintiffs $1,162,000 plus a 1.25 multiplier.  *Id.* at *6.  Defendants appealed.  *Ibid.*  On appeal, defendants contended that the trial court improperly included hours associated with Plaintiffs' unsuccessful efforts to obtain class certification and intervention, and their mediation of claims of the putative class, citing *Harman, supra,* 158 Cal.App.4th at p. 417.  *Id.* at *7.

The first district found *Harman* inapposite because it "pertains to unsuccessful and unrelated *claims"* and the plaintiffs' "class certification and intervention efforts" in *Britto* "were not unsuccessful *claims,* but unsuccessful *motions."  Ibid.,* original emphasis, citing *Little v. Sanchez,* 166 Cal.App.3d 501, 506 (1985) ("Proceeding collectively by means of a class is a form of remedy, not a cause of action in and of itself") and *Allen v. Bay Area Rapid Transit Dist.,* No. C

---

[3]  Federal courts may consider unpublished state court decisions. *Employers Ins. of Wausau v. Granite State Ins. Co.,* 330 F.3d 1214, 1220, n. 8 (9th Cir. 2003).

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

18

PLAINTIFF'S MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

00-3232 VRW) 2003 WL 23333580 (N.D. Cal., July 31, 2003) at *7 (declining to disallow fee award for unsuccessful motions, because "[a]n unsuccessful motion is not an unsuccessful claim.").

Defendants argued that plaintiffs' "attempts at class certification and intervention were unrelated to their PAGA claim because Plaintiffs represented that the discovery they took early in the case was limited to class certification issues, and PAGA claims have different standards and remedies than class action claims." *Britto, supra,* 2015 WL 5657147 at *8. The court of appeal disagreed, finding that "the trial court could have reasonably concluded that Plaintiffs' efforts to certify the class and join class members as intervenors *were,* in fact, *related* to their successful PAGA claims." *Britto, supra,* 2015 WL 5657147, at *8, original emphasis.

Additionally, the court found that "[t]he PAGA claims were premised on violations of the Labor Code for failing to reimburse business expenses and improperly deducting amounts from sales representatives' compensation", and "[t]he attempt to certify the class or obtain intervention reflected an effort to increase the number of plaintiffs who could obtain relief for these Labor Code violations in a single proceeding." *Ibid.*

"From this perspective," the court explained, "Plaintiffs' motions for class certification and intervention were related to the PAGA claims, since they did not seek relief " 'intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.' " *Ibid.,* citing *Harman, supra,* 158 Cal.App.4th at p. 423. "This standard for identifying related claims is 'very expansive' and requires the court to 'examine the nature and 'course of conduct' upon which the claims are based.' " *Ibid.* "[T]he essential inquiry is whether the different claims for relief ... are based on different facts and legal theories." *Harman, supra,* 158 Cal.App.4th at p. 423, internal quotation marks and citation omitted.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

19

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

So too here, apportionment of MLG's time would be unwarranted because Plaintiff did not lose on the merits of the claims underlying her class allegations; she just did not obtain certification of her reimbursement claim.  Had she obtained certification and then lost at trial, she would have lost *on the merits*.  Because the merits of her class allegations were never litigated, those allegations cannot be deemed unsuccessful.

However, even if the Court found that Plaintiff did not "prevail" on her class allegations, apportionment would still not be justified because Plaintiff's claims all involve a "common core of facts"; they all arose from the same course of conduct. The "entire course of conduct that [Plaintiff] attempted to remedy may be more broadly defined to include [Defendants']…[unlawful wage and hour] employment practices and policies."  *Harman, supra,* 158 Cal.App.4th at pp. 423-424.  "And the effort to prove" those claims "shared a common core of facts and legal theories" regarding the right to meal and rest breaks, the right to reimbursement for cell phone use and the right to overtime pay.

*In re Tea Station Investment, Inc.,* No. 2:20-BK-14175-NB, 2022 WL 13907834 (B.A.P. 9th Cir., Oct. 18, 2022) (*Zhou*) is also relevant.[4]  In that case, the creditor, Zhou, filed a putative class action complaint in Los Angeles County Superior Court, seeking over $7,000,000 for wage and hour violations.  *Id.* at *1. Just as her class certification motion was to be heard, defendants filed for bankruptcy.  *Id.* at *2.   The matter proceeded in the bankruptcy court which found that Zhou failed to satisfy the class certification requirements.  *Ibid.* The court awarded Zhou $4,674.08 in compensatory damages on her individual wage and hour claims, plus attorney fees of $168,766.25 and costs.  *Id.* at *5.  The debtors appealed the fee award, contending that no fees should be awarded to Zhou for

---

[4] It also may be cited for its persuasive value.  *Id.* at * (preceding *1 and n. 1); Fed. R. App. P. 32.1.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

20

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

1  work on the class claims because they are unrelated to her individuals claims, and
2  that even if they were related, her small recovery cannot support the amount of fees
3  awarded.  *Id.* at *6-7.

4      The Ninth Circuit appellate panel found that the trial court acted within its
5  discretion in finding that Zhou's class and individual claims were related.  *Id.* at *7-
6  9.  The trial court found "considerable overlap" between the two claims and that the
7  fees awarded for such work "were reasonable and necessary at the time counsel
8  performed the services."  *Id.* at *9.  The panel also found "that Zhou's discovery
9  and litigation activities could not readily be parsed between her individual and class
10  claims."  *Ibid.*  In light of the broad discretion given to the trial courts, the panel
11  rejected a per se rule that class and individual claims can never satisfy *Hensley's*
12  relatedness requirement when class certification is denied.  *Ibid.*

13      Furthermore, as the *Britto* court explained, "[w]ork that is related to claims
14  on which plaintiffs obtained relief, even if unsuccessful, may be compensated."
15  *Britto, supra,* 2015 WL 5657147 at *15, citing *Taylor, supra,* 222 Cal.App.4th at p.
16  1251 (no abuse of discretion not to apportion attorney fees between a single cause
17  of action on which plaintiff prevailed and three causes of action on which he did
18  not); *Akins v. Enterprise Rent–A–Car Co.,* 79 Cal.App.4th 1127, 1134 (2000) (to
19  the same effect); *Greene v. Dillingham Construction N.A., Inc.,* 101 Cal.App.4th
20  418, 423 (2002) (" 'Where a lawsuit consists of related claims, and the plaintiff has
21  won substantial relief, a trial court has discretion to award all or substantially all of
22  the plaintiff's fees even if the court did not adopt each contention raised' "].)

23      See also, *Gunther, supra,* 72 Cal.App.5th at p. 361 (holding that in PAGA
24  case, the trial court did not abuse its discretion in finding that plaintiff's dismissed
25  claims under Labor Code section 204 (failure to pay for hours worked) and Labor
26  Code section 1174 (failure to maintain employment records) were related to
27  ///
28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

21

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

1  plaintiff's successful wage-statement violation claim under Labor Code section

2  226).

3      In sum, Plaintiffs' claims did not seek to remedy distinct and separate

4  courses of conduct.  Accordingly, there should be no apportionment between

5  Plaintiff's successful and unsuccessful claims.  *Harman, supra,* 158 Cal.App.4th at

6  p. 417.

**5.     If the Court Finds that the Class Certification Motion *Was***
**an Adjudication of "Claims," But Finds that Those Claims**
**Were *Related* to Plaintiff's Individual Claims, Plaintiff's**
**Success on Her Individual Claims Justifies MLG's Hours.**

11      If the court finds that Plaintiff's class claims *were* adjudicated but

12  nevertheless related to Plaintiff's individual claims, the next "step of [the] *Hensley*

13  inquiry … asks whether 'the plaintiff achieve[d] a level of success that makes the

14  hours reasonably expended a satisfactory basis for making a fee award.' "

15  *Environmental Protection*, *supra,* 190 Cal.App.4th at p. 239.

16      In particular, "the court must consider the significance of the overall relief

17  obtained by the prevailing party in relation to the hours reasonably expended on the

18  litigation and whether the expenditure of counsel's time was reasonable in relation

19  to the success achieved." *Mann v. Quality Old Time Service, Inc.,* 139 Cal.App.4th

20  328, 344 (2006).

21      *Zhou* again is analogous.  Debtors contended on appeal that because plaintiff

22  sought to represent a large class of employees and only succeeded in representing

23  herself, the fee award of $168,766.25 was "disproportionately large compared to

24  the relief Zhou obtained."  *Zhou, supra,* 2022 WL 13908934 at *10.  The appellate

25  panel observed, as the numerous cases cited above substantiate, that "California law

26  generally rejects a strictly proportional approach in awarding fees based on

27  prevailing party fee shifting statutes." *Ibid.*

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

22

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

1    Additionally, the bankruptcy court did not error because it "duly considered
2    the results of the litigation but exercised its discretion to award fees of $168,766.25,
3    citing the intertwined nature of the work performed, the reasonableness of the work
4    at the time it was performed, and policy concerns in encouraging the prosecution of
5    meritorious wage claims." *Id.* at *11.

6    The bankruptcy's policy concerns embodied in the fee statutes at issue "were
7    intended to encourage employees to bring meritorious wage claims when the
8    expense of prosecuting the claims would be economically impracticable in the
9    absence of the fee shifting statutes." *Id.* at *11. Those same concerns "are
10   consistent with California law" which provides that California's overtime
11   provisions "are to be construed so as to promote employee protection." *Ibid.,* citing
12   *Sav-On Drug Stores, supra,* 34 Cal.4th at p. 340.

13   If awarding Zhou attorney fees of over $168,000 despite her "more than
14   nominal" recovery of $4,674.08 in a putative class action, then awarding Plaintiff
15   attorney fees of $591,044.25 in this putative class action where she recovered
16   nearly *five times* the amount Zhou did, must be considered reasonable. *Aguilar v.*
17   *Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4063144, at *8 (N.D. Cal. Aug. 15,
18   2014) (declining to reduce fee award where "plaintiffs did not actually secure
19   complete relief corresponding with the goals of the litigation as a whole.").

20   As in *Zhou,* the fees requested are supported by the intertwining of Plaintiff's
21   class and PAGA allegations (they both involve reimbursement and overtime
22   claims), the nature of the work performed, the reasonableness of the work at the
23   time it was performed, and policy concerns in encouraging the prosecution of
24   meritorious wage claims." *Id.* at *11.

25   There is a need to encourage employees such as Plaintiff "to challenge
26   injustices in our society" and "[a]dequate fee awards are perhaps the most effective
27   means of achieving this salutary goal." *Thayer v. Wells Fargo Bank, N.A.*, 92 Cal.

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

23

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

App. 4th 819, 839 (2001). "[C]ourts should not be "unduly parsimonious in the calculation of such fees." *Id.* at p. 839. "Compensation should not be strictly limited to efforts that were demonstrably productive." *Ibid.*

> Lawyers for plaintiffs ... must evaluate, accept and prosecute suits on the basis of the entire spectrum of theories that show early promise of vindicating their clients' rights. Every lawyer, indeed every judge, has pursued blind alleys that initially seemed reasonable or even professionally obligatory. *To reward only the pursuit of a successful theory in cases such as this undercompensates the inevitable exploratory phases of litigation, and may also invite overly conservative tactics or even prohibit some high-risk but deserving actions entirely.*

*Ibid.,* emphasis added.

See also, *Huff v. Securitas Sec. Servs. USA, Inc.,* 23 Cal.App. 5th 745, 761 (2018) (PAGA was enacted "as a way to encourage private parties to pursue Labor Code violations, relieving pressure on overburdened state agencies and achieving maximum compliance with labor laws.").

As the court in *Sundance v. Municipal Court,* 192 Cal.App.3d 268 (1987) explained:

> It must be remembered that an award of attorney's fees is not a gift. It is just compensation for expenses actually incurred in vindicating a public right. To reduce the attorney's fees of a successful party because he did not prevail on all his arguments, makes it the attorney, and not the defendant, who pays the cost of enforcing that public right.

*Id.* at p. 273.

### D.    MLG Should Be Awarded $44,879.34 In Costs.

Plaintiff seeks reimbursement of her taxable and nontaxable expenses, pursuant to Local Rule 54-3 and Fed. R. Civ. P. 54(d)(2)(A).  In the Ninth Circuit, courts "repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties." *Grove v. Wells Fargo Fin. California, Inc.,* 606 F.3d 577, 580 (9th Cir. 2010); *see also Davis*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

24

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS

1  *v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1541 (9th Cir. 1992), *vacated in*

2  *part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (affirming award of nontaxable

3  costs under expense-shifting statute).

4       The Court should award Plaintiff's counsel the requested nontaxable

5  expenses incurred in the litigation—including costs for videography and related

6  services, expert witness services, administrative costs related to the PAGA claims,

7  deposition summary services, photocopying of Plaintiff's cell phone records for her

8  reimbursement claim, and attorney service fees because such expenses would

9  normally be charged to a fee-paying client.  Stahle Decl. ¶¶37-38.  *Agster v.*

10  *Maricopa Cnty.*, 486 F. Supp. 2d 1005, 1017–1020 (D. Ariz. 2007) (allowing

11  prevailing party to recover nontaxable expenses such as videotaped depositions,

12  copying expenses, messenger services).

13  **IV.    CONCLUSION**

14       For the foregoing reasons, Plaintiff respectfully requests that the Court grant

15  this motion in its entirety and order Defendants to pay MLG reasonable attorney's

16  fees in the amount of **$591.044.25** for lodestar fees, plus costs in the amount of

17  **$44,879.34**.

18  DATED:  July 6, 2023         Respectfully submitted,

19                       MATERN LAW GROUP, PC

20

21              By:  */s/ Mikael H. Stahle*

22                   MATTHEW J. MATERN

                 MIKAEL H. STAHLE

23                   Attorneys for Plaintiff

                 CLAUDIA ALVARADO

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

25

PLAINTIFF'S  MEMO OF POINTS AND
AUTHORITIES ISO MOTION FOR ATTORNEYS'
FEES AND COSTS